FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

NOV 30 2021

CATHI EDWARDS, COURT CLERK

DEPUTY

Exhibit 2

IN THE ROGERS COUNTY DISTRICT COURT
IN AND FOR THE STATE OF OKLAHOMA

STACEY ROBINSON, )
 )
    Plaintiff, ) Case. No. CJ-2021-346
 )
v. ) Hon. Judge
 )
GRAND LAKE MENTAL HEALTH )
CENTER, INC., a domestic corporation, ) Attorney Lien Claimed
 ) Jury Trial Demanded
    Defendant, )

## PETITION

COMES NOW, the Plaintiff, Stacey Robinson, by and through her counsel of record, and for her cause of action against the Defendant, Grand Lake Mental Health Center (Grand Lake), states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant is a domestic corporation doing substantial business in Rogers County, Oklahoma

3. The injuries that are the subject of this dispute occurred in Rogers County, Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the EEOC, properly exhausting her administrative remedies. She received a Notice of Right to Sue from the EEOC and has filed this lawsuit within ninety-days from receipt of said Notice.

5. This Court has jurisdiction and venue is proper in Rogers County.

6. Plaintiff brings this action for damages under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S. C. §2000e et seq. ("Title VII"), and 42 U.S.C. 1981, providing relief against discrimination in employment, and discharge on the basis of race.

1

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981(b).

8. Punitive damages are sought pursuant to 42 U.S.C. § 1981.

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates the preceding paragraphs as if realleged.

11. Plaintiff began working for Defendant in April 2020 as a care coordinator. Upon Plaintiff's arrival at the Claremore facility, Crystal Isaacs – the white employee tasked with training Ms. Robinson – told Plaintiff, in front of several other employees of Defendant, that the patient they were seeing did not like African Americans and would not be allowed to shadow Ms. Isaacs to visit said patient. Ms. Isaacs appeared to find it humorous that Plaintiff was black.

12. In fact, Ms. Isaacs did not allow Plaintiff to shadow any clients because Plaintiff is black. Plaintiff was then asked by the administrator of the clinic, Justin Williams, why she was not attending patient sessions. Plaintiff explains Ms. Isaacs statements and her refusal to allow Plaintiff to shadow. Mr. Williams never followed up with Plaintiff about the situation.

13. During the COVID-19 global pandemic, many white team members were allowed to work remotely. Plaintiff was not.

14. Plaintiff felt discriminated based on her race at the Claremore facility and applied for a different job at the Bartlesville facility.

15. Mr. Williams was upset with Plaintiff when he learned about her desire to leave the Claremore facility, despite knowing she was being discriminated against based on her race and taking no steps to stop the discrimination.

16. Plaintiff re-iterated to Mr. Williams and Whitney Gaddy, another administrator in Claremore, that she felt discriminated against based on her race and that it was hindering her ability to perform her job because she was not being trained, not being allowed to join patient sessions, and being denied the ability to work remotely unlike her white peers. Mr. Williams told Plaintiff she was simply taking things personally and was too easily offended.

17. Following her meeting with Mr. Williams and Ms. Gaddy, Plaintiff was then ostracized by the rest of the staff at the Claremore facility. Plaintiff again requested to work remotely like her white peers and was denied.

18. Plaintiff was transferred to Bartlesville and began working with Dewey Public Schools. Plaintiff reported to Denise Putnam, Amber Thompson, and Casie Martinez.

19. Plaintiff was repeatedly reprimanded for unfounded reasons by Ms. Thompson. Plaintiff believes her supervisors at the Bartlesville facility were made aware of Plaintiff's complaints of discrimination.

20. For example, Ms. Thompson kicked Plaintiff out of a virtual meeting with school partners after she corrected Ms. Thompson about an issue concerning a child. The experience humiliated Plaintiff in front of her white supervisor and white school partners.

21. Plaintiff continued to experience discrimination and retaliation at the Bartlesville clinic following her complaints of discrimination. For example, she was forced to meet with children in unsecure areas which compromised confidentiality. She was reprimanded for

causing scheduling issues after being asked to create a schedule. She was constantly bombarded with text messages and phone calls from her white supervisors during times they knew she was in session with students. Her supervisors would then reprimand her for being non-responsive.

22. Plaintiff again raised concerns over being discriminated against because of her race to her supervisors in Bartlesville.

23. Plaintiff was terminated on January 4, 2021 for "professionalism" and her "perspectives."

## FIRST CLAIM FOR RELIEF
## DISPARATE TREATMENT BASED ON RACE (TITLE VII)

24. Plaintiff incorporates the preceding paragraphs as if realleged.

25. Plaintiff was treated worse than Caucasian and non-African American employees at Grand Lake Mental Health.

26. Upon information and belief, Plaintiff was harassed and held to a different, higher standard than her non-black comparators.

27. Defendants did nothing to ensure equal treatment under the law for Plaintiff.

28. By treating Plaintiff differently than similarly-situated Caucasian and non-African Amerian employees with regard to the performance, discipline, and probationary review, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Her attorney fees and the costs and expenses of this action;
d. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII

29. The Plaintiff incorporates the preceding paragraphs as if realleged.

30. The Plaintiff engaged in protected opposition to discrimination when she complained to Justin Williams, Whitney Gaddy, Amber Thompson, and Casie Martinez about her concerns over discrimination in the workplace.

31. After the Plaintiff engaged in protected opposition to discrimination, the Defendants took adverse employment action against Plaintiff in not fairly or adequately investigating her claim, failing to reprimand any of the employees engaged in discriminatory conduct, allowing employees of Defendant to continue to discriminate against Plaintiff based on her race, and terminating Plaintiff in January 2021 shortly after he final complaint of discrimination.

32. By taking adverse actions against the Plaintiff for her participation in protected activity, Defendants has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory and punitive damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Her attorney fees and the costs and expenses of this action;
d. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the time of filing suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the costs of bringing this action, a reasonable attorney's fee, along with such other relief as deemed just and equitable.

Respectfully submitted,

SMOLEN & ROYTMAN

/s/ Daniel E. Smolen
_____
Daniel E. Smolen, (OBA#19943)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff